IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDAH WILSON,<br>129 Farmbrook Lane<br>Hanover, MD 21076 | :<br>:<br>: |
| Plaintiff, | : |
| v. | : Case No. |
| ON THE RISE ENTERPRISES, LLC,<br>d/b/a OOHHS AND AAHHS<br>and d/b/a OOHHS AND AAHHS<br>SOUL FOOD RESTAURANT<br>1005 U Street, NW<br>Washington, DC 20001 | :<br>:<br>:<br>:<br>: |
| OJI A. ABBOTT,<br>129 Farmbrook Lane<br>Hanover, MD 21076 | :<br>:<br>:<br>: |
| DOMINIQUE R. BROOKS,<br>3535 S. Ball Street, Apt. 617<br>Arlington, VA 22202 | :<br>:<br>: |
| Defendants. | :<br>: |

## COMPLAINT

Plaintiff, Indah Wilson, by and through her attorneys, Brent M. Ahalt, Aaron D. Neal and McNamee, Hosea, Jernigan, Kim, Greenan & Lynch, sues the Defendants, On The Rise Enterprises, LLC, Oji A. Abbott, and Dominique R. Brooks, and states the following:

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

## Introduction

1. Plaintiff, Indah Wilson ("Wilson"), is a resident of the state of Maryland and has worked in the District of Columbia for the past ten-plus years at the restaurant known as Oohhs & Aahhs (the "Restaurant"). Due in significant part to Wilson's efforts to promote the Restaurant, the Restaurant is famous in the D.C. metropolitan area for its "soul food" dishes and has been featured in such well-known publications as the Washington Post, Washingtonian Magazine, and the Food Network's "Diners, Drive-Ins and Dives."

2. Wilson founded the Restaurant along with her boyfriend, Defendant Oji Abbott ("Abbott") and, at all times relevant, believed she was a fifty-percent (50%) owner of the Restaurant with Abbott owning the other fifty-percent.

3. Defendant Dominique R. Brooks ("Brooks") is a family member of Abbott and, upon information and belief, provided Abbott with start-up money for the Restaurant. However, shortly after the Restaurant opened, Brooks went to prison.

4. Because of her trust in him and her unfamiliarity with the business and legal aspects of establishing a restaurant, Wilson did not ask to inspect the initial paperwork establishing the Restaurant or its ownership.

5. Upon information and belief, in 2003 Abbott initially formed and used the corporation Oohhs & Aahhs, Inc. to obtain permits and licenses for the Restaurant. Abbott did not inform Wilson of his use of this entity and did not disclose the details of the entity to Wilson.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

6. Upon information and belief, on or about May 3, 2012, after the Restaurant had been operating for nearly a decade, Abbott established On The Rise Enterprises, LLC (the "LLC") to purportedly own and operate the Restaurant. The LLC was formed without the knowledge of Wilson, and Abbott did not include Wilson in the organizational documentation. It is believed, and therefore averred, that Brooks is a member of the LLC.

7. Wilson has worked in the Restaurant since its inception and has never received a paycheck. Wilson worked without being paid because of her trust in Abbott and his representations that he would "take care of her," her belief that she was, in fact, the owner of fifty-percent of the Restaurant, and her personal relationship with Abbott, whereby he and the Restaurant would pay for her modest living expenses with proceeds from the Restaurant.

8. Wilson frequently and usually worked more than fifty (50) hours per week for the Restaurant.

9. All of this resulted in Wilson becoming dependent upon Abbott and continuing to rely upon his representations that she would "be taken care of."

10. As the Restaurant's popularity and success continued to grow, rather than share this success with Wilson, Abbott surreptitiously redirected the profits to himself and, upon information and belief to Brooks, and to the exclusion of Wilson. Abbott concealed the existence of such profits from Wilson.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

11.  Brooks had no active role in the operation of the Restaurant, and to date, Wilson does not know the extent of Brook's purported ownership interest in the Restaurant.

12.  Toward the end of 2014, the personal relationship between Wilson and Abbott began to erode. Thereafter, Wilson began to take steps to attempt to ascertain her exact ownership interest in the Restaurant.

13.  However, upon making a demand for an accounting to Abbott, Wilson was told that she was "owed nothing" and that she would "get nothing."

14.  In fact, Abbott went so far as to suddenly stop paying any of her living expenses including the mortgage on the home in which she and Abbott had lived since 2005, and to tell her that she would now be responsible for the mortgage. All this despite the fact that Abbott knew Wilson had not received payment for her labor during the entirety of their relationship, and therefore, Wilson had no savings to cover her expenses.

15.  Moreover, despite her continued work for the Restaurant, Abbott still fails and refuses to pay Wilson proper wages for her time.

16.  At all relevant times, the annual gross volume of the Defendants' business exceeded Five Hundred Thousand Dollars ($500,000.00).

17.  At all relevant times, the Restaurant had two or more employees who handled goods and materials that had traveled in interstate commerce or had been produced for interstate commerce.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

18. At all relevant times, Abbott did not maintain true and accurate records of each hour, day, and week worked by Wilson or how much Wilson was paid for her work as is required by 29 C.F.R. § 516 and D.C. Code § 32-1008.

19. Because of the denial of her ownership interest, at all relevant times, Abbott had the ability and authority to fire Wilson, directed and controlled Wilson's work schedule, and had the power to set Wilson's rate of pay.

20. Prior to July 1, 2014, the District of Columbia required employers to pay a minimum wage of Eight Dollars and Twenty-Five Cents ($8.25) per hour worked. Nonetheless, a person of Wilson's skills and duties would be paid significantly more.

21. From July 1, 2014 through June 3, 2015, the District of Columbia required employers to pay a minimum wage of Nine Dollars and Fifty Cents ($9.50) per hour. Nonetheless, a person of Wilson's skills and duties would be paid significantly more.

22. From July 1, 2015 through the present, the District of Columbia requires employers to pay a minimum wage of Ten Dollars and Fifty Cents ($10.50) per hour. Nonetheless, a person of Wilson's skills and duties would be paid significantly more.

### Jurisdiction and Venue

23. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

24. Venue is proper pursuant to 28 U.S.C. § 1391 (b).

### COUNT I
### Failure to Pay Minimum Wage under the FLSA

25. The Plaintiff, Wilson incorporates the foregoing paragraphs as if fully stated herein, and further alleges the following:

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

5

26. The Plaintiff, Wilson was acting as an "employee" of Abbott, Brooks, and the Restaurant within the meaning of the FLSA, 29 U.S.C. § 203 (e) (1).

27. Abbott, Brooks, and the Restaurant were acting as an "employer" of Wilson within the meaning of the FLSA, 29 U.S.C. § 203 (d).

28. Pursuant to 29 U.S.C. § 206 (a) (1), the FLSA requires employers like Abbott, Brooks, and the Restaurant, to pay non-exempt employees like Wilson, a wage commensurate with her duties or a minimum wage.

29. Abbott, Brooks, and the Restaurant did not pay Wilson a wage commensurate with her duties or the minimum wage required by Federal law.

30. Abbott, Brooks, and the Restaurant violated the provisions of the FLSA by knowingly failing to pay Wilson a wage commensurate with her duties or a minimum wage.

31. Abbott, Brooks, and the Restaurant's FLSA violations were willful.

WHEREFORE, Plaintiff Wilson requests this Court enter judgment in favor of the Plaintiff, Wilson, and jointly and severally against the Defendants, for unpaid minimum wages, an amount equal thereto as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### Failure to Pay Overtime Wages under the FLSA

32. The Plaintiff, Wilson incorporates the foregoing paragraphs as if fully stated herein, and further alleges the following:

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

33. Pursuant to 29 U.S.C. 207 (a) (1), the FLSA requires employers like Abbott, Brooks, and the Restaurant, to pay non-exempt employees like Wilson, one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours worked in any one workweek.

34. Wilson frequently worked more than fifty (50) hours during workweeks and almost always worked more than forty (40).

35. Abbott, Brooks, and the Restaurant did not pay Wilson any overtime wages as required by Federal law.

36. Abbott, Brooks, and the Restaurant violated the FLSA by knowingly failing to pay Wilson at least one and one-half times Wilson's regular rate required under the FLSA, for hours worked in excess of forty (40) hours in any one workweek.

37. Abbott, Brooks, and the Restaurant's FLSA violations were willful.

WHEREFORE, Plaintiff Wilson requests this Court enter judgment in favor of the Plaintiff, Wilson, and jointly and severally against the Defendants, for unpaid overtime wages, an amount equal thereto as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III
### Failure to Pay Wages under the DCWPCL

38. The Plaintiff, Wilson incorporates the foregoing paragraphs as if fully stated herein, and further alleges the following:

39. Abbott, Brooks, and the Restaurant were acting as an "employer" of Wilson within the meaning of the DCWPCL, D.C. Code § 32-1301 (1).

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

40. The Plaintiff, Wilson was acting as an "employee" of Abbott, Brooks, and the Restaurant within the meaning of the DCWPCL D.C. Code § 32-1301 (2).

41. Pursuant to the DCWPCL, D.C. Code § 32-1302, employers like Abbott, Brooks, and the Restaurant are required to pay wages, including minimum wages and overtime wages, to employees like Wilson.

42. Abbott, Brooks, and the Restaurant did not pay Wilson wages as required by District of Columbia law.

43. Abbott, Brooks, and the Restaurant willfully and knowingly violated the DCWPCL by failing to pay Wilson all wages earned, including minimum and overtime wages.

44. Pursuant to the DCWPCL, Abbott, Brooks, and the Restaurant are liable for unpaid wages and liquidated damages equal to three times the amount of the unpaid wages.

WHEREFORE, Plaintiff Wilson requests this Court enter judgment in favor of the Plaintiff Wilson and jointly and severally against the Defendants, for unpaid wages, liquidated damages equal to three times the amount of the unpaid wages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT IV
**Declaratory Judgment**

45. The Plaintiff, Wilson incorporates paragraphs 1 – 17 as if fully stated herein, and alternatively alleges the following:

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

46. At all relevant times Wilson believed she was an owner of a fifty percent (50%) interest in the Restaurant.

47. On numerous occasions and for all purposes, Abbott represented to Wilson and others that Wilson was indeed an owner of the Restaurant.

48. Abbott authorized Wilson to exercise control over the Restaurant and act as an owner of the Restaurant in order to further the Restaurant's business.

49. Abbott, Brooks, and the Restaurant retained the benefit of Wilson's own belief and her representations to the public and representations by Abbott, that Wilson was indeed an owner of the Restaurant.

50. Both Abbott and Wilson's actions reflected Wilson's ownership interest in the Restaurant, as Wilson believed she was an owner of the Restaurant, managed the day-to-day operations of the Restaurant, exercised control over many aspects of the Restaurant, and acted as an owner of the Restaurant by furthering the Restaurant's business, all without being otherwise compensated with wages by Abbott or the Restaurant.

51. Save for the legal formalities, but for all intents and purposes, Abbott, the Restaurant, and Wilson acted and held out to the public that Wilson was an owner of the Restaurant.

52. Wilson reasonably relied upon the actions and statements of Abbott and believed that she was an owner of the Restaurant, thereby entitling Wilson to an equitable ownership in the Restaurant.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 Ivy Lane
Suite 200
Greenbelt, MD 20770
(301) 441-2420

WHEREFORE, Plaintiff Wilson requests this Court enter a Declaratory Judgment declaring that Plaintiff Wilson is an equitable owner of a fifty-percent share of the Restaurant and/or LLC, and any other relief deemed appropriate by the Court.

## COUNT V
### Injunctive Relief

53. The Plaintiff, Wilson incorporates paragraphs 1 – 17 and 44 – 49 as if fully stated herein, and alternatively alleges the following:

54. Despite Abbott and the Restaurant's actions and statements confirming Wilson's ownership in the Restaurant, Abbot, Brooks, and the Restaurant have maintained exclusive control over the financial and business records of the Restaurant.

55. Wilson is fearful that, unless enjoined by an order of this Court, Abbott or Brooks may attempt to change, alter or destroy the ownership interests in the Restaurant insofar as they may apply to the subject matter of this lawsuit.

56. Unless Abbott, Brooks, and the Restaurant are restrained by this Court from acting as sole owners of the Restaurant, Wilson will suffer immediate and substantial, and irreparable injury as she will be deprived of her ownership interest and adequate resources may not otherwise be available to satisfy any money judgment.

57. The benefits to Wilson in obtaining injunctive relief significantly outweigh the potential harm which Abbot, Wilson, and the Restaurant would incur if this Court grants the requested injunctive relief.

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

58. As Abbott, Brooks, and the Restaurant have always represented Wilson as an owner of the Restaurant, the public interest is not harmed and is best served by granting the injunction.

WHEREFORE, Plaintiff Wilson requests this Court enter an Order to Defendants Abbott, Brooks, and the Restaurant to convey fifty-percent ownership of the Restaurant and/or LLC to Wilson; and grant Wilson such other and further relief as may be just and equitable.

### COUNT VI
### Accounting

59. The Plaintiff, Wilson incorporates the foregoing paragraphs as if fully stated herein, and further alleges the following:

60. On numerous occasions and for all purposes, Abbott represented to Wilson and others that Wilson was indeed an owner of the Restaurant.

61. Abbott authorized Wilson to exercise control over the Restaurant and act as an owner of the Restaurant in order to further the Restaurant's business.

62. Abbott, Brooks, and the Restaurant retained the benefit of Wilson's belief and representations by Wilson and Abbott that Wilson was indeed an owner of the Restaurant.

63. Abbott, Brooks, and the Restaurant have maintained exclusive control over the financial and business records of the Restaurant.

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

64. Despite requests by Wilson, Abbott, Brooks and the Restaurant have refused to render and deliver an accounting which would allow Wilson to ascertain her ownership interest in the Restaurant and the value of the Restaurant.

65. Wilson is fearful that, unless an accounting is ordered by this Court, Abbott or Brooks may attempt to divert assets, alter or destroy the business records of the Restaurant, or otherwise attempt to conceal the value of Wilson's ownership interest in order to prevent her from receiving fair value for her interest.

WHEREFORE, Plaintiff Wilson requests this Court order Defendants Abbott, Brooks, and the Restaurant to fully and completely account for all revenue and expenses of the Restaurant from 2003 through current; to fully and completely account for all disbursements of any sums from the revenue of the Restaurant, including cash disbursements, from 2003 through current; enter judgment against Abbott, Brooks, and the Restaurant in the amount found to be due to Wilson on such accounting; and grant Wilson such other and further relief as may be just and equitable.

### COUNT VII
### Fraud

66. The Plaintiff, Wilson incorporates the foregoing paragraphs as if fully stated herein, and further alleges the following:

67. On numerous occasions and for all purposes, Abbott represented to Wilson and others that Wilson was indeed an owner of the Restaurant.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

12

68. Abbott's role in the Restaurant allowed him to exercise dominion and control over the business records and organization and structure of the Restaurant, whereas Wilson's role was the day-to-day operations and marketing of the Restaurant.

69. Wilson trusted that Abbott's representations regarding Wilson's fifty-percent ownership were truthful.

70. Abbott knew that Wilson trusted him.

71. Wilson's reliance upon the representations of Abbott was reasonable considering their relationship and her trust in Abbott.

72. Abbott owed Wilson a duty to be truthful and/or a fiduciary duty to maintain the Restaurant's assets in accordance with his representations.

73. As Abbott now claims that Wilson is not an owner of the Restaurant and that he owes her nothing, it has become apparent that Abbott's representations to Wilson were intentionally false and made with actual malice designed to harm Wilson.

74. Wilson has suffered considerable financial harm and loss.

WHEREFORE, Plaintiff Wilson requests that this Court enter judgment against Defendants Abbott and the Restaurant in the amount of the value of fifty-percent interest in the Restaurant in compensatory damages; punitive damages to be determined at trial, plus interest and costs; and grant Wilson such other and further relief as may be just and equitable.

McNamee, Hosea,
Jernigan, Kim,
Greenan & Lynch, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

## Jury Demand

Plaintiff, Indah Wilson, requests a Jury Trial in this matter.

Respectfully submitted,

MCNAMEE, HOSEA, JERNIGAN, KIM,
GREENAN & LYNCH, P.A

By: _____
Brent M. Ahalt
U.S. District Bar No.: MD 13741
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
301-441-2420
*Attorney for Plaintiff*

MCNAMEE, HOSEA,
JERNIGAN, KIM,
GREENAN & LYNCH, P.A.

6411 IVY LANE
SUITE 200
GREENBELT, MD 20770
(301) 441-2420

14