IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDAH WILSON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 1:16-cv-02241-KBJ |
| | ) |
| ON THE RISE ENTERPRISE, LLC | ) |
| d/b/a OOHHS & AAHHS, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

**I.    BACKGROUND**

Plaintiff Wilson and Defendant Abbott were, for a time, involved in a personal relationship that ended years ago. They were never married. On November 11, 2016, many years after the end of that relationship, Plaintiff filed this suit against Defendant Abbott, his business partner Dominique Brooks (who has not been served with this lawsuit), and the corporate entity of which Defendant Abbott is a partial owner. Plaintiff's lawsuit is not motivated by a sincere belief in the validity of her legal claims but rather is an attempt to exact a financial settlement against a man to whom she was never married, by whom she was never employed, and with whom she never owned a business. Defendants move to dismiss her Complaint as it fails to state any claims upon which relief can be granted.

**II.    ARGUMENT**

**A. Standard of Review.**

A Motion to Dismiss under F. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the Complaint. In assessing the legal sufficiency of the allegations, this Court applies

1

the pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To withstand a Motion to Dismiss for failure to state a claim, the Complaint "must…contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcoft v. Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). When reviewing a Motion to Dismiss, the Court assumes the truth of all well-pleaded factual allegations and construes reasonable inferences from those allegations in favor of the plaintiff. *Sissel v. U.S. Dept. of Health and Human Servs.*, 760 F3d. 1, 4 (D.C. Cir. 2014). The Court need not, however, accept inferences drawn by the plaintiff if such inferences are not supported by the facts set out in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). And, the Court does not need to accept as true legal conclusions set forth in the Complaint. *Iqbal*, 556 U.S. at 678.

Generally, the plaintiff is not required to detail all the facts upon which she bases her claim. Fed. R. Civ. P. 8(a)(2). But "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556, n.3. The plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id at 555.

> **B. This Court Must Dismiss Count I (Fair Labor Standards Act ("FLSA") – Failure to Pay Minimum Wage); Count II (FLSA – Failure to Pay Overtime Wages); and Count III (District of Columbia Wage Payment and Collection Law ("DCWPCL" – Failure to Pay Wages) As They Are Time-Barred.**

In Counts I, II and III of her Complaint, Plaintiff alleges that she is entitled to wages she never received for work she allegedly performed since the Restaurant opened

in or about 2003. (Compl. at ¶¶5, 7). She also claims that she has worked at the Restaurant for "the past ten-plus years." (Compl. at ¶1). Further, she alleges, "Toward the end of 2014, the personal relationship between Wilson and Abbott began to erode." (Compl. at ¶12). Significantly, **nowhere** in the Complaint does Plaintiff allege the precise dates of her alleged employment by and with Defendants. Had she done so, she would have demonstrated that the applicable statutes of limitation bar her claims.

Important to note is that the relationship between Plaintiff Wilson and Defendant Abbott ended at the end of **2011**, not the end of 2014. Defendants do not know if this is a typographical error on the part of Plaintiff but will easily prove this fact through appropriate evidence in a later pleading, should Plaintiff fail to correct the error presently. Of course, the date when the personal relationship ended is highly relevant to when the alleged employment relationship Plaintiff allegedly had with Defendants ended. It strains credulity to believe that Plaintiff continued to work for **three (3) additional years** for a man with whom she no longer had a romantic relationship, particularly she when she claims that he never paid her wages, did not give her an equity interest in the company, and "suddenly stop[ped] paying any of her living expenses" when their romantic relationship ended. (Compl. at ¶14).

Plaintiff's attempt to transform hurt feelings over the end of a personal relationship into successful legal claims for back wages fails not only on the merits, but also fails due to being barred by the applicable statutes of limitation under the FLSA and the DCWPCL. Claims brought under the FLSA are limited by either a two (2) year or three (3) year statute of limitations, depending on whether the particular FLSA violation is deemed willful. 29 U.S.C. §255(a); 29 C.F.R. § 790.21; *Bolden v. Ashcroft,* 515

F.Supp.2d 127, 137 (D.D.C. 2007). Claims brought under the DCWPCL are subject to a three (3) year statute of limitations. D.C. Code §32-1308(c)(1). As Plaintiff filed her complaint on November 11, 2016, any claim for wages that she may have that predates November 11, 2014 is time-barred under the FLSA unless she can prove willfulness, and any claim for wages that she may have that predates November 11, 2013 is absolutely time-barred under both the FLSA and the DCWPCL.

Accordingly, this Court should bar Plaintiff from pursuing claims for wages that predate November 11, 2013 under the DCWPCL, and it should bar Plaintiff from pursuing claims for wages that predate November 11, 2014 under the FLSA, unless she can prove willfulness; in that case, it should bar Plaintiff from pursuing claims for wages that predate November 11, 2013.

Further, if Plaintiff submits that the 2014 date referenced in Paragraph 12 of the Complaint was **not** a typographical error, the Court should, for purposes of confirming what wage claims are barred by the statute of limitations, require Plaintiff to plead with specificity the precise dates on which the alleged employment relationship she had with Defendants began and ended.

### C. This Court Must Dismiss Count III (DCWPCL – Failure to Pay Wages), As the D.C. Minimum Wage Act ("DCMWA") Provides the Exclusive Remedy for Allegations Involving Payment of Minimum and Overtime Wages.

In Count III of Plaintiff's Complaint, she alleges that the Defendants failed "to pay Plaintiff all wages earned, including minimum and overtime wages." (Compl. at ¶43).

Plaintiff cannot state a claim for relief for her minimum wage and overtime wage claims under the DCWPCL, because the D.C. Minimum Wage Act ("DCMWA"), D.C.

4

Code §32-1001, *et seq.,* provides the exclusive remedy for a plaintiff who alleges a right to be paid minimum wages and overtime wages under D.C. law. The DCMWA governs ***what*** an employer must pay, while the DCWPCL governs ***when*** an employer must pay. *Iraheta v. Magic Meals, Inc.*, 2016 WL 4444650, *1, ___ F.Supp.3d ___ (D.D.C. Aug. 23, 2016).

The DCWPCL governs the timing of wage payments by providing that an employer "shall pay all wages earned to his employees at least twice during each calendar month, on regular paydays designated in advance by the employer" and that "not more than 10 working days may elapse" between the designated pay periods. D.C. Code § 32–1302. The DCWPCL also specifies when wages must be paid to an employee who resigns, is discharged, or is suspended. D.C. Code § 32-1303. The DCWPCL does not apply to disputes over the *amount* of wages due to an employee, because D.C. Code § 32-1304 expressly provides that when there is a dispute over the amount owed, the employer is required only to pay the undisputed amount to comply with the Act. *Iraheta v. Magic Meals, Inc.*, 2016 WL 4444650, *1, ___ F.Supp.3d ___ (D.D.C. Aug. 23, 2016); *Fudali v. Pivotal Corp.*, 310 F.Supp.2d 22, 27 (D.D.C. 2004).

Just as the plaintiff in *Iraheta* complained about the amount he was (not) paid, Plaintiff Wilson's complaint is about the amount she was (not) paid. Plaintiff Wilson, like the plaintiff in *Iraheta*, complained that she did not receive the mandated minimum wage and did not receive overtime wages. Just as the Court did in *Iraheta*, this Court should dismiss Plaintiff Wilson's DCWPCL claim, because the DCWPCL does not apply. *See Iraheta v. Magic Meals, Inc.*, 2016 WL 4444650, *2, ___ F.Supp.3d ___ (D.D.C. Aug. 23, 2016).

**D. This Court Must Dismiss Count IV (Declaratory Judgment), Because That Is Not a Cause of Action Under District of Columbia Law.**

In Count IV of her Complaint, Plaintiff alleges that she is entitled to a declaratory judgment declaring that she is an equitable owner of a fifty-percent share of the Restaurant by which she claims to have been employed. (Compl. at ¶52). She cites no statutory authority pursuant to which this claim arises.

As this Court acknowledged in *Bartlett v. Overslaugh*, 169 F.Supp.3d 99, 110 (D.D.C. 2016), "in general, a count for a declaratory judgment 'is not cognizable as a separate cause of action, but is more properly included in the [ ] prayer for relief.'" *Bridges v. Blue Cross & Blue Shield Ass'n,* 935 F.Supp. 37, 45 (D.D.C. 1996). More importantly, the *Bartlett* Court emphasized that even the Declaratory Judgment Act (which Plaintiff Wilson did not cite) "'is not an independent source of federal jurisdiction' but only 'presupposes the existence of a judicially remediable right.'" *C&E Servs., Inc. v. D.C. Water & Sewer Auth.,* 310 F.3d 197, 201 (D.C.Cir. 2002), quoting *Schilling v. Rogers,* 363 U.S. 666, 677 (1960).

As Plaintiff has failed to plead a cause of action, this Court must dismiss Count IV of the Complaint.

**E. This Court Must Dismiss Count V (Injunctive Relief), Because That Is Not a Cause of Action Under District of Columbia Law.**

In Count V of her Complaint, Plaintiff alleges that she is entitled to injunctive relief, and in the "WHEREFORE" clause following Paragraph 58 of her Complaint, Plaintiff requests that the Court "enter an Order to Defendants Abbott, Brooks, and the Restaurant to convey fifty-percent ownership of the Restaurant and/or LLC" to her. As

with her freestanding claim for declaratory judgment, Plaintiff cites no statutory authority pursuant to which this claim arises.

District of Columbia law is clear that "injunctive relief is not a freestanding cause of action, but rather—as its moniker makes clear—a form of relief to redress the other claims asserted by Plaintiff." *Base One Technologies, Inc. v. Ali,* 78 F.Supp.3d 186, 199 (D.D.C. 2015) (dismissing claim for injunctive relief as a separate claim). *See Johnson v. Mao,* 174 F.Supp.3d 500, 524 (D.D.C. 2016) (holding that claim for injunctive relief "must be dismissed because it is a 'type of remedy, not a freestanding cause of action.'" (quoting *Equitas Disability Advocates, LLC v. Bryant,* 134 F.Supp.3d 209, 222 (D.D.C. 2015); *Kemp v. Eiland*, 139 F.Supp.3d 329, 343-44 (D.D.C. 2015) (dismissing as failing to state a claim Plaintiff's freestanding count for injunctive relief); *Guttenberg v. Emery,* 41 F.Supp.3d 61, 69, No. 13–2046, 2014 WL 1989564, at *6 (D.D.C. May 16, 2014) (holding that "Count II of plaintiffs' amended complaint is not a separate cause of action or claim; rather, it is a request that the Court grant a particular form of relief (an injunction)...."); *Fitts v. Fed. Nat. Mortgage Ass'n,* 44 F.Supp.2d 317, 330 (D.D.C.1999) (striking Count V of the complaint "as it states a form of relief and not a cause of action"), *aff'd,* 236 F.3d 1 (D.C.Cir. 2001).

As Plaintiff has failed to plead a cause of action, this Court must dismiss Count V of the Complaint.

**F. This Court Must Dismiss Count VI (Accounting), Because That Is Not a Cause of Action Under District of Columbia Common Law Absent a Contract or Fiduciary Relationship Between the Parties, and Plaintiff's Claim for Accounting Is Not Based on the District of Columbia Uniform Partnership Act or Other Statute.**

In Count VI of her Complaint, Plaintiff alleges that she is entitled to an accounting, and in the "WHEREFORE" clause following Paragraph 65 of the Complaint, Plaintiff requests that the Court "order to Defendants Abbott, Brooks, and the Restaurant to fully and completely account for all revenue and expenses of the Restaurant from 2003 through current; to fully and completely account for all disbursements of any sums from the revenue of the Restaurant, including cash disbursements, from 2003 through current; [and] enter judgment against Abbott, Brooks and the Restaurant in the amount found to be due to Wilson on such accounting…" As with her freestanding claims for declaratory judgment and injunctive relief, Plaintiff cites no statutory authority pursuant to which this claim arises.[1] Defendants can find no D.C. caselaw recognizing a freestanding common law cause of action for accounting absent a business contract or fiduciary relationship between the parties.

"An accounting is 'a detailed statement of the debits and credits between parties **arising out of a contract or a fiduciary relation**.'" *Alemayehu v. Abere,* 199 F.Supp.3d 74, 86-87 (D.D.C. 2016) (quoting *Bates v. Northwestern Human Servs., Inc.*, 466 F.Supp.2d 69, 103 (D.D.C. 2006) (quoting *Union Nat'l Life Ins. Co. v. Crosby,* 870 So.2d 1175, 1178 n.2 (Miss. 2004)) (emphasis added); *see also Haynes v. Navy Fed.*

---

[1] The D.C. Uniform Partnership Act ("DCUPA") provides that "the right to an account of his interest shall accrue to any partner, or his legal representative, as against the winding up partners or the surviving partners or the person or partnership continuing the business, at the date of dissolution, in the absence of any agreement to the contrary." D.C. Code §41-142. This case, however, does not arise under the DCUPA. Indeed, Defendant On the Rise Enterprise, LLC is a limited liability company, not a partnership.

*Credit Union*, 825 F.Supp.2d 285, 293 (D.D.C. 2011) (accounting requested by borrower from lender regarding the servicing of his loan). Such relief may be obtained at the close of a litigation "in actions arising out of a tort where there is an allegation of fraud, especially when there is an additional ground for jurisdiction, such as the existence of a fiduciary relationship," and as long as the plaintiff is able to show "that the remedy at law is inadequate." *Bates v. Northwestern Human Servs., Inc.*, 466 F.Supp.2d 69, 103 (D.D.C.2006).

Defendants submit that the request for accounting in this matter is an aspect of relief rather than a freestanding claim. Should Plaintiff prove a separate claim that gives rise to a need for an accounting, she should make that request at the appropriate time. But absent a separate, viable claim showing entitlement to ownership of the Restaurant, she has no legal basis for requesting an accounting. There is no general legal right to an accounting from a company without first proving an ownership interest in that company; were it otherwise, everyone would have standing to receive accountings from companies with which they are not affiliated, and that simply is not what District of Columbia law permits.

Plaintiff has again failed to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 570 (2007). As Plaintiff has failed to plead the necessary facts that would enable this Court to determine that there was a contract or a fiduciary relationship between Plaintiff and Defendant(s), much less that she is entitled to an accounting incident to such contract or fiduciary relationship, this Court must dismiss Count VI of the Complaint.

**G. This Court Must Dismiss Count VII (Fraud), Because Plaintiff Has Failed to Plead the Elements of Fraud With Specificity As Required By Law and Because the Claim is Time-Barred.**

In Count VII of her Complaint, Plaintiff presents seven numbered paragraphs that are remarkably thin on substantive details regarding the alleged fraud that Defendants perpetrated against her. The specifics of that Count are as follows:

67. On numerous occasions and for all purposes, Abbott represented to Wilson and others that Wilson was indeed an owner of the Restaurant.

68. Abbott's role in the Restaurant allowed him to exercise dominion and control over the business records and organization and structure of the Restaurant, whereas Wilson's role was the day-to-day operations and marketing of the Restaurant.

69. Wilson trusted that Abbott's representations regarding Wilson's fifty-percent ownership were truthful.

70. Abbott knew that Wilson trusted him.

71. Wilson's reliance upon the representations of Abbott was reasonable considering their relationship and her trust in Abbott.

72. Abbott owed Wilson a duty to be truthful and/or a fiduciary duty to maintain the Restaurant's assets in accordance with his representations.

73. As Abbott now claims that Wilson is not an owner of the Restaurant and that he owes her nothing, it has become apparent that Abbott's representations to Wilson were intentionally false and made with actual malice designed to harm Wilson.

74. Wilson has suffered considerable financial harm and loss.

The components in this jurisdiction of a successful common law fraud claim are well-settled: "Fraud is never presumed and must be particularly pleaded. The essential elements of common law fraud are: (1) a false representation (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *McMullen v. Synchrony Bank*, 164 F.Supp.3d 77, 95 (D.D.C. 2016); *Equitas Disability Advocates, LLC v. Bryant,* 134 F.Supp.3d 209, 218 (D.D.C. 2015); *Va. Acad. of Clinical Psychologists v. Group Hospitalization & Med. Servs., Inc.*, 878 A.2d 1226, 1233 (D.C. 2005); *Bennett v. Kiggins*, 377 A.2d 57, 59-60 (D.C. 1977). In the District, the "knowledge of the falsity [element] may be satisfied by showing that the statements were recklessly and positively made without knowledge of (their) truth." *McMullen*, 164 F.Supp.3d at 95. "In addition, the plaintiff must also have suffered some injury as a consequence of his reliance on the misrepresentation." *Howard Univ. v. Watkins*, 857 F.Supp.2d 67, 75 (D.D.C. 2012) (quoting *Chedick v. Nash,* 151 F.3d 1077, 1081 (D.C. Cir. 1998).

A common law fraud claim is governed by the heightened pleading standard imposed by Fed. R. Civ. P. 9(b). The Rule "requires particularity when pleading 'fraud or mistake,' while allowing '[m]alice, intent, knowledge, and other conditions of a person's mind [to] be alleged generally.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (quoting Fed. R. Civ. P. 9(b)). To satisfy this pleading standard in a fraud claim, the plaintiff must identify with particularity the "time ... of the false misrepresentations," "who precisely was involved in the fraudulent activity," the "fact misrepresented," and "facts that exemplify the purportedly fraudulent scheme." *McMullen*, 164 F.Supp.3d at 95, quoting *U.S. ex rel. Williams v. Martin–Baker Aircraft Co., Ltd.*, 389 F.3d 1251,

1256–59 (D.C.Cir. 2004). The complaint must not only plead with particularity matters such as the time, location and content of the false misrepresentations, but also what was gained or lost as a result of the fraud. *Howard Univ. v. Watkins*, 857 F.Supp.2d 67, 75 (D.D.C. 2012); see *Martin-Baker*, 389 F.3d at 1256. Although Fed. R. Civ. P. 9(b) does not require plaintiffs to allege every fact pertaining to every instance of fraud, defendants must be able to defend against the charge and not just deny that they have done anything wrong. *Martin-Baker*, 389 F.3d at 1259. "Allegations in the form of conclusions on the part of the pleader as to the existence of fraud are insufficient." *Ali v. Mid-Atlantic Settlement Services, Inc.*, 640 F.Supp.2d 1, 8 (D.D.C. 2009) (citations omitted).

Plaintiff's claim for fraud does not come close to meeting the rigorous pleading standard required by this jurisdiction. For example, there is nothing in the Complaint that states **with particularity**, as required by *McMullen* and *Watkins*, the time and location of the false misrepresentations, the specific content of the facts misrepresented, and the facts that exemplify the purportedly fraudulent scheme. From the vague and conclusory statements Plaintiff presented in her Complaint, Defendants are wholly unable to defend against the charges and can only deny that they have done anything wrong -- which is precisely the opposite of what *Martin-Baker* and *Ali* mandate. There are absolutely no specific details of conversations, communications, witnesses, actions, or other events that provide a detailed basis for Plaintiff's fraud claim.

This Court must dismiss Plaintiff's fraud claim, which fails to meet the requisite pleading requirements. Allowing this poorly pleaded claim to proceed would validate plaintiff's efforts to file this claim for nuisance value and would fail to safeguard

potential defendants from frivolous accusations of moral turpitude, contrary to the teachings of *Howard Univ. v. Watkins*, 857 F.Supp.2d 67, 75 (D.D.C. 2012).

Further, common law fraud is subject to a three (3) year statute of limitations. D.C. Code § 12-301(8). She knew for years that Defendants were not providing her with ownership of the Restaurant, and she cites no reason why it was only since November 11, 2013 that she had reason to believe this was fraud. Just as Plaintiff's wage claims are time-barred, so is her fraud claim.

### H. This Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims Once It Dismisses Counts I and II of the Complaint As Time-Barred.

Although this Court can dismiss all of Plaintiff's claims for the reasons stated *infra*, it has additional grounds for doing so: it can decline to exercise supplemental jurisdiction over the remaining counts after dismissing the federal law counts as time – barred. "[P]endent jurisdiction is a doctrine of discretion, not a plaintiff's right." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

"In cases where all of the federal law claims are dismissed before trial, courts usually decline supplemental jurisdiction over the remaining local law claims." *Colbert v. D.C.*, 78 F.Supp.3d 1, 7 (D.D.C. 2015); *see* 28 U.S.C. §1367(c)(3); *Shekoyan v. Sibley Int'l.*, 409 F.3d 414, 423 (D.C Cir. 2005); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726 (1966) (stating, "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). *See Rodriguez v. D.C.,* 118 F.Supp.3d 132, 142 (D.D.C. 2015) (finding the balance of factors weighed against exercising supplemental jurisdiction over plaintiff's remaining D.C. statutory and common law claims after dismissal of the claim over which

the federal court had original jurisdiction and thus declining to exercise supplemental jurisdiction); *Trimble v. D.C.*, 779 F.Supp.2d 54, 60 (D.D.C. 2011) (declining to exercise supplemental jurisdiction over D.C. statutory and common law claims after dismissal of claim brought under federal law).

In deciding whether to exercise supplemental jurisdiction in the absence of a federal claim, the Court balances considerations of "'judicial economy, convenience, fairness, and comity,'" *Rodriguez v. D.C.,* 118 F.Supp.3d 132, 142 (D.D.C. 2015) (quoting *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988), and the balance of factors in the usual case "will point towards declining to exercise jurisdiction over the remaining state law claims." *Cromeartie v. RCM of Washington, Inc*., 118 F.Supp.3d 335, 339 (2015) (declining to exercise supplemental jurisdiction over nonfederal claims); *Cherry v. D.C.*, 170 F.Supp.3d 46, 51 (D.D.C. 2016) (declining to exercise pendent jurisdiction over plaintiff's D.C. claims after dismissing the only federal claim); *Barnes v. D.C.*, 2017 WL 875772, *8, ___ F.Supp.3d ___ (No. 15-2069BAH, Mar. 3, 2017) (analyzing factors and declining to exercise supplemental jurisdiction).

The case before this Court mirrors the situation in *Barnes*. With respect to judicial economy, the plaintiff's remaining claim(s) sound in D.C. law, with which the D.C. courts are more familiar. Similarly, as this litigation has not gotten underway substantively and this Court has not yet parsed any of the D.C. claims, there is no loss of judicial economy by dismissing the remaining D.C. law claims. *See Barnes v. D.C.*, 2017 WL 875772, *8, ___ F.Supp.3d ___ (No. 15-2069BAH, Mar. 3, 2017). With respect to convenience, the D.C. courts are "an equally convenient forum" for the parties, and "principles of comity and fairness point in favor of allowing these

claims to be pursued . . . in the local court system." *Barnes v. D.C.*, 2017 WL 875772, *8, ___ F.Supp.3d ___ (No. 15-2069BAH, Mar. 3, 2017). Further, as the Defendants have moved to dismiss **all** of Plaintiff's claims for failure to state a claim, there is no argument that judicial economy, convenience, fairness and/or comity favor this Court exercising supplemental jurisdiction after dismissing the federal law claims.

## II. CONCLUSION

This Court has multiple reasons to dismiss this action for failure to state a claim upon which relief can be granted and no reason not to do so. Defendants thus request that this Court dismiss this action and decline to exercise supplemental jurisdiction over the remaining state claims, should the Court determine that Plaintiff has any state claims that survive this Motion to Dismiss.

Respectfully submitted,

**THE SELTZER LAW FIRM**

/s/ Diane A. Seltzer Torre
Diane A. Seltzer Torre, Esquire
DC Bar No. 434571
4520 East West Highway, Suite 700
Bethesda, MD 20814
tel (301) 656-3400
fax (301) 951-8631
dseltzer@seltzerlawfirm.com
Attorneys for Defendants On the Rise
Enterprise, LLC and Oji Abbott.

Dated: March 14, 2017

**CERTIFICATE OF SERVICE**

      I, Diane A. Seltzer Torre, Esquire, hereby certify that on this 14th day of March, 2017, I electronically filed the foregoing Defendants On the Rise Enterprise, LLC and Defendant Abbotts's Memorandum in Support of Motion to Dismiss using the CM/ECF system, which will send a notification of such filing to the following:

        Brent Ahalt, Esquire
        6411 Ivy Lane, Suite 200
        Greenbelt, MD  20770
        Attorneys for Plaintiff Indah Wilson

        <u>/s/ Diane A. Seltzer Torre</u>
        Diane A. Seltzer Torre