IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDAH WILSON, | * | |
| | * | |
| Plaintiff, | * | Civil Action No. 16-2241 (BAH) |
| | * | |
| v. | * | |
| | * | |
| ON THE RISE ENTERPRISES, LLC and | * | May 23, 2018 |
| OJI A. ABBOTT, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AMENDED COMPLAINT

**I.   INTRODUCTION**

1.   Plaintiff Indah Wilson ("Plaintiff"), by and through undersigned counsel, hereby submits this Amended Complaint against Defendants On the Rise Enterprises, LLC ("OTR") and Oji A. Abbott ("Abbott") (collectively, "Defendants") to recover damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the D.C. Minimum Wage Act, D.C. Code § 32-1001 *et seq*. ("MWA"), and the D.C. Wage Payment Act, D.C. Code § 32-1301 *et seq*. ("WPA").  Plaintiff seeks to equitably toll the statute of limitations.

**II.   JURISDICTION AND VENUE**

2.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). With respect to the D.C. law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 in that the D.C. law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.   Venue is appropriate in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

**III.     THE PARTIES**

4.  Plaintiff is an adult resident of Maryland.

5.  At all times relevant to this Amended Complaint, Plaintiff was an employee of Defendants within the meaning of 29 U.S.C. §203(e)(1) and D.C. Code §§ 32-1002(2) and 32-1301(2).

6.  At all times relevant to this Complaint, Plaintiff was an employee engaged in commerce and/or was an employee in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

7.  Defendant OTR is a limited liability company formed under the laws of the District of Columbia, which operates the restaurant Oohhs & Aahhs located at 1005 U Street NW, Washington, DC ("Restaurant").

8.  Defendant Abbott is an adult resident of Maryland and an owner of defendant OTR.

9.  At all times relevant to the Complaint, defendant Abbott made all relevant decisions regarding Plaintiff's wages and working conditions.

10. At all times relevant to the Complaint, Defendants were each and all employers as that term is defined by 29 U.S.C. §203(d) and by D.C. Code §§ 32-1002(3) and 32-1301(1B).

**IV.     STATEMENT OF FACTS**

11. Plaintiff worked for Defendants in various capacities from around 2003 until around November 2016.

12. Plaintiff's duties included customer service, cooking, cleaning, catering, administrative tasks, and marketing.

13. From around 2007 through 2014, Plaintiff worked seven days per week, starting

between 10:00am and 11:00am and ending between 7:00pm and 8:00pm on Sundays, between 11:00pm and 12:00am Monday through Thursday, and between 5:00am and 6:00am (the following morning) on Fridays and Saturdays, for a total of around 99 hours per week on average.

14. During 2015 and 2016, Plaintiff worked from between 12:00pm and 1:00pm until between 7:00pm and 8:00pm on Sundays.  She started between 4:00pm and 5:00pm Monday through Saturday and ended between 11:00pm and 12:00am Monday through Thursday and between 5:00am and 6:00am (the following morning) on Fridays and Saturdays, for a total of around 61 hours per week on average.

15. Defendants did not pay Plaintiff any wages for her work.

16. Wilson founded the Restaurant along with her boyfriend, defendant Abbott, with whom she resided until 2014.

17. Between 2003 and 2014, Abbott made repeated promises and statements to Plaintiff and to others that she co-owned the Restaurant, on which Plaintiff relied.

18. Abbott maintained exclusive control over the financial and business records of the Restaurant.

19. After the breakup of the personal relationship with Abbott, Plaintiff made a demand for an accounting, but Abbott denied that he owed Plaintiff anything.

20. On or around August 4, 2016, Plaintiff consulted and retained counsel to enforce her right of ownership to the Restaurant, at which time she was advised that, if the Court found her not to have an ownership interest in the Restaurant, she would be eligible for minimum wage and overtime pay.

21. Plaintiff did not know about her rights regarding minimum wage and overtime

pay prior to said consultation with counsel.

22. At all times relevant prior to July 24, 2007, the federal minimum wage was $5.15 per hour.

23. From July 24, 2007 through July 23, 2008, the federal minimum wage was $5.85 per hour.

24. From July 24, 2008 through July 23, 2009, the federal minimum wage was $6.55 per hour.

25. Since July 24, 2009, the federal minimum wage is $7.25 per hour.

26. From January 1, 2005 through December 31, 2005, the District of Columbia minimum wage was $6.60 per hour.

27. From January 1, 2006 through July 23, 2008, the District of Columbia minimum wage was $7.00 per hour.

28. From July 24, 2008 through July 23, 2009, the District of Columbia minimum wage was $7.55 per hour.

29. From July 24, 2009 through June 30, 2014, the District of Columbia minimum wage was $8.25 per hour.

30. From July 1, 2014 through June 30, 2015, the District of Columbia minimum wage was $9.50 per hour.

31. From July 1, 2015 through June 30, 2016, the District of Columbia minimum wage was $10.50 per hour.

32. From July 1, 2016 through June 30, 2017, the District of Columbia minimum wage was $11.50 per hour.

### V.     COUNT ONE: FLSA AND MWA MINIMUM WAGE VIOLATIONS

33.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 32, above.

34.     Defendants' failure to pay Plaintiff at least the applicable minimum wages for each hour worked as required by the FLSA and the MWA law was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the minimum wage but did not do so.

35.     As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

### VI.    COUNT TWO: FLSA AND MWA OVERTIME VIOLATIONS

36.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 32, above.

37.     Defendant's conduct in failing to pay Plaintiff wages at the rate of one and one-half times her regular hourly (minimum wage) rate for hours worked in excess of forty in each one-week period violates both 29 U.S.C. §207 and D.C. Code § 32-1003(c).

38.     Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and D.C. Code § 32-1003(c) was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiff consistent with the FLSA and MWA but did not do so.

39.     As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

### VII.   COUNT THREE: WAGE PAYMENT ACT VIOLATIONS

40.     Plaintiff restates, re-alleges and incorporates by reference paragraphs 1 through 32, above.

41.     Defendants' failure to pay Plaintiff her earned wages on regular paydays and at

least twice during each calendar month, including minimum and overtime wages, violates D.C. Code § 32-1302.

42. As a result of Defendants' unlawful conduct, Plaintiff suffered a loss of wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Equitably toll the applicable statutes of limitations;

2. Order Defendants to pay to Plaintiff all wages owed, consistent with the Fair Labor Standards Act, D.C. Minimum Wage Act, and D.C. Wage Payment Act;

3. Award Plaintiff liquidated damages for all wages owed pursuant to 29 U.S.C. § 216(b) and D.C. Code §§ 32-1012(b) and 32-1308(a)(1)(A);

4. Award Plaintiff her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308(b);

6. Award Plaintiff pre-judgment and post-judgment interest; and

7. Award Plaintiff such other legal and equitable relief as the Court deems appropriate.

                                              Respectfully submitted,

                                              */ s / Mariusz Kurzyna*

                                              Mariusz Kurzyna (Bar No. 229656)
                                              Zipin, Amster & Greenberg, LLC
                                              8757 Georgia Ave., Suite 400
                                              Silver Spring, MD 20910
                                              Tel: 301-587-9373
                                              Fax: 240-839-9142
                                              mkurzyna@zagfirm.com

                                              *Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on May 24, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties of record by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.


                */ s / Mariusz Kurzyna*