UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDAH WILSON,<br><br>            Plaintiff,<br><br>            v.<br><br>ON THE RISE ENTERPRISES, LLC and OJI A. ABBOTT,<br><br>            Defendants. | Civil Action No. 16-2241 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

The plaintiff in this case, Indah Wilson, has stopped participating in this litigation. Her absence supplies the basis for three now-pending motions and for their resolution. First, the two remaining defendants, On the Rise Enterprises, LLC ("OTR") and Oji Abbott, have moved, consistent with Federal Rule of Civil Procedure 37, to sanction the plaintiff for violating her discovery obligations. *See* Defs.' Rule 37 Motion Disc. Sanctions ("Defs.' Mot."), ECF No. 34. Second and third, the plaintiff's two attorneys have moved to withdraw their appearance. *See* Mariusz Kurzyna Mot. Withdraw Appearance ("Kurzyna Mot."), ECF No. 33; Brent Ahalt Mot. Withdraw Appearance ("Ahalt Mot."), ECF No. 35. Although neither motion to withdraw gives a reason for the motion, the plaintiff's inattentiveness to this case has been a persistent problem since at least July 2018, and previously has been cited for why at least one of the plaintiff's attorneys considered withdrawing from the case. *See* Discovery Conf. Rough Tr. (Nov. 20, 2018) at 6:8–18 (plaintiff's counsel explaining that "I was unable to get a hold of [the plaintiff] for a significant amount of time. . . . And, frankly, I was ready to give up and withdraw from this representation"); *see also* Sealed Decl. of Mariusz Kurzyna ("Kurzyna Decl."), ECF No. 32

(explaining difficulty communicating with the plaintiff).[1] Indeed, because the plaintiff neglected this case for so long, no discovery was completed by the initial discovery deadline. Discovery Conf. Rough Tr. (Nov. 20, 2018) at 3:17–18.

For the reasons described below, the defendants' motion for sanctions is granted in part and denied in part. The defendants' motion is granted insofar as it seeks dismissal of this action and denied insofar as it requests that the plaintiff be held in contempt and that the defendants' costs incurred preparing for the plaintiff's deposition be reimbursed. Additionally, each attorney's motion to withdraw is denied as moot because this case is being dismissed.

## I. BACKGROUND

On November 11, 2016, the plaintiff instituted an action against OTR, Abbott, and Dominique Brooks, in which the plaintiff alleged that she had worked for over ten years at the restaurant Oohhs & Aahhs without ever being paid. Compl. ¶¶ 1, 7, 15, ECF No. 1. Each defendant moved to dismiss the complaint. *See* OTR & Abbott's Mot. Dismiss, ECF No. 8; Brooks's Mot. Dismiss, ECF No. 16. After re-assignment to the undersigned judge, *see* Reassignment of Civil Case, ECF No. 19, OTR and Abbott's joint motion to dismiss was granted in part and denied in part, while Brooks's motion was granted, *see* Order (Mar. 31, 2018), ECF No. 21. The plaintiff was permitted to proceed against OTR and Abbott with three of her claims—two under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and one under the District of Columbia's Wage Payment Act, D.C. Code § 32-1301 *et seq.*, *see* Order (Mar. 31, 2018); Compl. ¶¶ 25–44.

---

[1] This Memorandum and Order does not reference any information that necessitated filing this declaration under seal.

After ruling on the motions to dismiss, the Court set a schedule for further proceedings. Min. Order (Apr. 25, 2018). That schedule gave the plaintiff until May 24, 2018 to amend her complaint and the parties until November 20, 2018 to complete discovery. *Id.* By the first deadline, the plaintiff amended her complaint, adding a claim under the District of Columbia's Minimum Wage Act, D.C. Code § 32-1001 *et seq*. *See* Am. Compl. ¶¶ 33–42, ECF No. 27. The two remaining defendants filed timely answers. *See* OTR Answer, ECF No. 28; Abbott Answer, ECF No. 29.

Three days before the discovery deadline, the plaintiff sought a six-month extension of that deadline, disclosing that she "has been incapacitated by circumstances of an extreme personal nature, which have prevented her from participating in discovery and made her unavailable for deposition." *See* Pl.'s Mot. Extension at 1, ECF No. 30. The plaintiff authorized her attorney to share information about the hardship on the condition of confidentiality. *Id.* The plaintiff's counsel explained that he had been slow seeking an extension because he "learned the full extent of Plaintiff's hardship only recently." *Id.*

The Court directed the defendants to respond to the plaintiff's motion and the plaintiff to file under seal the reason for her incapacitation. Min. Order (Nov. 19, 2018). The defendants' response opposed the extension until the plaintiff provided more information. Defs.' Opp'n Pl.'s Mot. Extension ("Defs.' Extension Opp'n") at 1, ECF No. 31. The defendants added that they had been trying for four months to schedule the plaintiff's deposition but were unable to do so because the plaintiff's counsel had been unresponsive. *Id.*; *see also* Defs.' Extension Opp'n, Ex. A, ECF No. 31-1 (attaching counsels' emails about scheduling the plaintiff's deposition). Indeed, the defendants had noticed the plaintiff's deposition for October 25, 2018, and sought confirmation of the plaintiff's availability multiple times, only to have the plaintiff's counsel, on

3

the morning the deposition was scheduled, report the plaintiff's unavailability. Defs.' Extension Opp'n, Ex. A at 1–2; *see also* Defs.' Extension Opp'n, Ex. B, ECF No. 31-2 (attaching counsels' emails confirming cancellation of deposition).

On November 20, 2018, after the plaintiff's counsel filed a sealed declaration about the plaintiff's hardship, *see* Kurzyna Decl., the court held a discovery conference, *see* Min. Entry (Nov. 20, 2018). At the conference, the plaintiff was given a two-month extension of the discovery deadline, until January 22, 2019. Discovery Conf. Rough Tr. (Nov. 20, 2018) at 12:13–25; *see also* Min. Order (Nov. 20, 2018). The Court further ordered "that, if noticed, the plaintiff shall appear for her deposition within the period scheduled for discovery." *Id.*

Later on the day of the discovery conference, the parties started coordinating a date for the plaintiff's deposition. Defs.' Mot. at 2; *see also* Defs.' Mot., Ex. A at 3, ECF No. 34-1 (attaching counsels' emails about scheduling the plaintiff's deposition). The defendants' counsel offered several dates and asked that, by November 26, 2018, the plaintiff's counsel identify a suitable date. Defs.' Mot., Ex. A at 2–3. The plaintiff's counsel did not respond, so the defendants' counsel noticed the plaintiff's deposition for December 19, 2018. *Id.* at 2. That date, however, did not work for the plaintiff. *Id.* Although the plaintiff's counsel proposed January 15, 2019 as an alternative, the defendants' counsel responded that her "client does not wish to wait until 7 days before discovery closes to take this deposition" and that she would "need ample time to timely serve other discovery requests based on [the plaintiff's] deposition testimony." *Id.* The defendants' counsel then offered December 17 and 18, 2018. *Id.* In response to that offer, the plaintiff's counsel said that he was "trying to figure out when it would be possible for [the plaintiff] to travel from New York where she has child custody during the week." *Id.* At last, on November 27, 2018, the defendants' counsel re-noticed the plaintiff's

4

deposition for December 18, 2018 and said that she would keep that date "unless there is a good reason not to." *Id.* at 1.

The next day, the plaintiff served written discovery requests to the defendants. *See* Pl.'s Opp'n Defs.' Mot. Disc. Sanctions ("Pl.'s Opp'n") at 4 n.2, ECF No. 36; Joint Status Report ("JSR") at 1, ECF No. 37. Those requests had a December 28, 2018 return date, but the defendants never complied. JSR at 1.

On December 14, 2018, the defendants' counsel alerted the plaintiff's counsel that "[the plaintiff] has confirmed to [the defendant] that she has no plans to attend her deposition at any time" but added that the plaintiff had not given "official notification that she is not attending." Defs.' Mot., Ex. B, ECF No. 34-2 (attaching counsels' emails confirming cancellation of deposition). Three days later, and a day before the scheduled deposition, the plaintiff's counsel responded that he is "unable to confirm [the plaintiff's] attendance tomorrow." *Id.* An hour later, the plaintiff's counsel confirmed that the plaintiff would not attend. *Id.*

On the same day that Kurzyna, the plaintiff's attorney who had been communicating about the plaintiff's deposition, confirmed the plaintiff's unavailability, he moved to withdraw his appearance. *See* Kurzyna Mot. The next day—when the plaintiff's deposition had been scheduled—the defendants moved to sanction the plaintiff, asking that the case be dismissed, the plaintiff be held in contempt, and that defense counsel's expenses incurred preparing for the plaintiff's deposition be reimbursed. Defs.' Mot. at 1. One day later, the plaintiff's second attorney filed his motion to withdraw. *See* Ahalt Mot. Although Kurzyna already had moved to withdraw from the case, he ultimately responded on behalf of the plaintiff to the defendants' motion for sanctions. *See generally* Pl.'s Opp'n.

5

Finally, the parties filed, on January 22, 2019, the day discovery concluded, a joint status report. *See generally* JSR. In it, the parties wrote that the "Plaintiff has confirmed to Defendant Abbott directly that she will not appear for her deposition." JSR at 2.

The three motions are now ripe.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 37 contemplates sanctions for a host of discovery violations. Among them, the court in which the related action is pending may "dismiss[] the action or proceeding in whole or in part" if "a party . . . fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A)(v). Additionally, sanctions are appropriate if "a party . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). When a party fails to appear for a deposition, suitable sanctions include "dismissing the action in whole or in part." FED. R. CIV. P. 37(d)(3) (incorporating FED. R. CIV. P. 37(b)(2)(A)(v)). In addition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

"District courts have considerable discretion in managing discovery . . . and possess broad discretion to impose sanctions for discovery violations under Rule 37." *Parsi v. Daioleslam*, 778 F.3d 116, 125 (D.C. Cir. 2015) (internal quotations omitted); *see also Giles v. Transit Employees Fed. Credit Union*, 794 F.3d 1, 14 (D.C. Cir. 2015) ("Under Rule 37, the district court has broad discretion to respond, or not to respond, to alleged abuses of the discovery process." (internal quotations omitted)). "The central requirement of Rule 37 is that

'any sanction must be just.'" *Bonds v. District of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996) (quoting *Insurance Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982)).

## III. ANALYSIS

The defendants request three sanctions as a consequence of the plaintiff failing to appear for her deposition: dismissal, contempt, and attorneys' fees. Those three are addressed in order.

### A. Dismissal

First, the defendants argue that the plaintiff's non-compliance warrants dismissal. Defs.' Mot. at 4–5. While Rule 37 suggests that dismissal of a case might be an appropriate sanction for failing to cooperate with discovery or with a court order, the D.C. Circuit has instructed that "'dismissal is a sanction of last resort to be applied only after less dire alternatives have been explored without success' or would obviously prove futile." *Bonds*, 93 F.3d at 808 (quoting *Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986)). That principle has been distilled into "three basic justifications that support the use of dismissal . . . as a sanction for misconduct." *Webb v. District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998); *see also Washington Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC*, 776 F.3d 1, 4 (D.C. Cir. 2015) (restating the *Webb* justifications). First, dismissal may be proper if the misbehavior "has severely hampered the other party's ability to present his case—in other words, that the other party 'has been so prejudiced by the misconduct that it would be unfair to require him to proceed further in the case.'" *Id.* (quoting *Shea*, 795 F.2d at 1074). Second, dismissal may be proper if the "misconduct has put 'an intolerable burden on a district court by requiring the court to modify its own docket and operations in order to accommodate the delay.'" *Id.* (quoting *Shea*, 795 F.2d at 1075). Third, dismissal may be proper if the misconduct is "disrespectful to the court" and must be deterred. *Id.*

7

The plaintiff disputes her "failure to cooperate with discovery," Pl.'s Opp'n at 2, and contends that the "Defendants have not demonstrated actual prejudice," *id.* at 3. For both points, the thrust of the plaintiff's argument is that because, at the time of the plaintiff's response, the discovery deadline had not yet passed, the plaintiff still had time to cooperate and the defendants had not suffered any prejudice. *Id.* at 3–4.

With discovery now having concluded, the plaintiff's argument no longer holds and dismissal is an appropriate sanction in this case. The plaintiff failed to appear for a properly noticed deposition, which Rule 37(d)(3) suggests may alone warrant dismissal. Compounding matters, the plaintiff had been specifically ordered to attend her deposition if noticed. *See* Min. Order (Nov. 20, 2018). That too, under Rule 37(b)(2)(A)(v), may be an independent basis for dismissal.

As for the *Webb* justifications, dismissal is apt here because forcing the defendants to defend against the instant lawsuit without the benefit of the plaintiff's deposition would be prejudicial. *Cf. United States Sec. & Exch. Comm'n v. China Infrastructure Inv. Corp.*, 189 F. Supp. 3d 118, 130 (D.D.C. 2016) ("The defendants' failure to respond to the SEC's requests for interrogatories and production of documents, served on July 13, 2015, and ultimately due on November 16, 2015, has hampered the SEC's ability to present its case on the merits."). As the defendants correctly point out, because the plaintiff has not been deposed, "Defendants cannot understand and evaluate Plaintiff's claims, and cannot formulate their defenses." Defs.' Mot. at 5. Turning to the second *Webb* justification, this case has been on the docket since 2016, and the Order resolving the motions to dismiss was issued 10 months ago. Order (Mar. 31, 2018). Since that time, the plaintiff's absence has brought this case to a halt. Continuing to the third *Webb* justification, the plaintiff specifically was ordered to appear for her deposition if sent a notice.

8

Min. Order (Nov. 20, 2018). Despite that Order, the plaintiff failed to appear. Violations of court orders must be deterred.

Finally, no lesser sanction is more appropriate in this case. The parties' recent status report confirmed that "the Plaintiff has confirmed to Defendant Abbott directly that she will not appear for her deposition," JSR at 2, demonstrating the futility of allowing this case to proceed. On this set of facts, dismissal, although extreme, is appropriate.

### B. Contempt

Ostensibly, the defendants' request that the plaintiff be held in contempt, which was made prior to the end of discovery, was aimed at forcing the plaintiff's compliance with the notice of deposition. Now that this action is being dismissed, contempt is unnecessary.

### C. Attorney's Fees

Finally, if a party fails to attend her own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). Although Rule 37 uses "must," the Rules do "not significantly narrow the discretion of the court." FED. R. CIV. P. 37 advisory committee's notes to 1970 amendments (describing effect of including mandatory language to a section of Rule 37 that is nearly identical to Rule 37(d)(3)); *see also Jones v. Dufek*, 830 F.3d 523, 529 (D.C. Cir. 2016) (quoting advisory committee notes as evidence that Rule 37's mandatory language does not foreclose discretion).

The defendants argue that the plaintiff and/or her counsel should pay the defendants' costs spent preparing for the plaintiff's deposition because her failure to appear was unjustified. Defs.' Mot at 1, 5. Yet, given that the plaintiff's absence from this case, as explained in a sealed

9

declaration, is due to a significant personal trauma, *see generally* Kurzyna Decl., imposing attorneys' fees as an additional sanction to dismissal would be excessive. *See Protopapas v. EMCOR Gov't Servs., Inc.*, 251 F. Supp. 3d 249, 257 (D.D.C. 2017) ("Though plaintiff's counsel did delay significantly before producing any documents to the defendant, that delay was attributable to plaintiff's counsel dealing with 'the illness and subsequent death' of a close family member. . . . While the Court does not minimize the inconvenience caused to both the Court and the defendant by counsel's dilatory conduct, imposing attorneys' fees in these circumstances is not warranted."). Moreover, the defendants also appear to have neglected discovery responsibilities, failing to provide answers to interrogatories. *See* Pl.'s Opp'n at 4 n.2; JSR at 1. Finally, Defendant Abbott has been communicating directly with the plaintiff during her absence. *See* Defs.' Mot., Ex. B; Defs.' Extension Opp'n, Ex. A at 2; JSR at 2. Uncertainty as to whether those contacts contributed to the plaintiff's unwillingness to participate weigh against defraying the defendants' expenses preparing for the plaintiff's deposition.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the Defendants' Rule 37 Motion for Discovery Sanctions, ECF No. 34, is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that this case is dismissed; and it is further

**ORDERED** that Mariusz Karzyna's Motion for Leave to Withdraw Appearance, ECF No. 33, and Brent Ahalt's Motion to Withdraw Appearance, ECF No. 35, are **DENIED** as moot.

The Clerk of the Court shall close this case.

**SO ORDERED**.

Date: January 30, 2019

*This is a final and appealable order.*

                                                _____
                                                BERYL A. HOWELL
                                                Chief Judge